NO. 07-01-0411-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 4, 2002

______________________________

REBECCA LYNN WILSON,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 258
TH
 DISTRICT COURT OF TRINITY COUNTY;

NO. 8469; HON. ELIZABETH E. COKER, PRESIDING

_______________________________

Before QUINN, REAVIS, and JOHNSON, JJ. 

After a jury trial, appellant Rebecca Lynn Wilson was convicted of the offense of aggravated sexual assault of a child.  Punishment was assessed by the jury at life in the Texas Department of Criminal Justice Institutional Division.  Appellant timely filed her notice of appeal. 

Appellant’s appointed counsel has filed a motion to withdraw, together with an Anders
(footnote: 1) brief, wherein he certifies that, after diligently searching the record, he has concluded that appellant’s appeal is without merit.  Along with his brief, he has filed a copy of a letter sent to appellant informing her of counsel’s belief that there was no reversible error and of appellant’s right to appeal pro se.  By letter dated March 8, 2002, this court notified appellant of her right to file her own brief or response by March 28, 2002, if she wished to do so.  The latter date has passed without the filing of either a motion for extension or a response. 

In compliance with the principles enunciated in
 Anders,
 appellate counsel discussed each phase of the trial including 1) the indictment, 2) hearing on pre-trial motions, 3) voir dire, 4) legal and factual sufficiency of the testimony at trial and 5) the jury charge for both guilt/innocence and punishment phases of the trial.  At each phase, counsel discussed the applicable law and analyzed the evidence according to that law.  Upon his final analysis, counsel determined no reversible error existed.  Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel’s conclusions and to uncover any error, reversible or otherwise, pursuant to 
Stafford v. State
, 813 S.W.2d 503 ( Tex. Crim. App. 1991) and concluded that only one area bears comment.  That area pertains to the videotape testimony of the child victim pursuant to article 38.071 of the Texas Code of Criminal Procedure.  Appellate counsel discussed objections made by trial counsel regarding the victim’s means of testifying whose objections were 1) it violated appellant’s constitutional right to cross examine the State’s witnesses and 2) the videotape contained extraneous offenses that violated Rules 401 and 403 of the Texas Rules of Evidence.  In reviewing the applicable law and the record before us, we determine that the videotaped testimony was permitted by article 38.071 which allows testimony of a child who is a victim of an offense by video or oral recording.  And, we find that the trial court conducted the proper hearing and made the proper findings to allow the presentation of the victim’s testimony pursuant to that article.  Because article 38.071 sets out the precise procedures required in order for a child victim to present testimony through different means other than in a courtroom, it has been determined that a defendant’s constitutional right to confront his accusers has not been violated when these procedures have been followed and it has been determined that in court testimony would cause psychological trauma to the child. 
See Marx v. State, 
987 S.W.2d 577, 580 (Tex. Crim. App. 1999), 
cert. denied
 528 U.S. 1034, 120 S.Ct. 574, 145 L.Ed.2d 436 (1999).  Moreover, appellant’s counsel was present during the victim’s testimony and he was allowed to confer with appellant in another room and conduct a cross examination of the witness.  

In regards to counsel’s objection based on the videotape containing extraneous offenses, we find that such evidence is permissible under article 38.37 of the Texas Code of Criminal Procedure.  Furthermore, we find from the record that the trial court performed the balancing test required by Rule 403 of the Texas Rules of Evidence in determining that the probative value of the evidence was not outweighed by their prejudicial effect.  
Tex. R. Evid. 403.  
Therefore, we agree with appellate counsel that no reversible error occurred in the introduction into evidence the victim’s videotaped testimony. 

As previously stated, we conducted our own review of the record to determine the accuracies of appellate counsel’s conclusions.  Our findings failed to reveal any error as previously represented by appellate counsel. 

Accordingly, the motion to withdraw is granted and the judgment is affirmed. 

 

                                                                            Brian Quinn 

                                                                               Justice   

Do not publish.               

FOOTNOTES
1:
See
 
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).